IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J. MATESKY,

    Petitioner,

v.

GEORGE GIURBINO,

    Respondent.

No. C 03-01006 JSW (PR)

**DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS**

    Michael J. Matesky ("Petitioner"), a state prisoner incarcerated at the Centinela State Prison in Imperial, California, filed a pro se petition on March 7, 2003, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 4, 2003, this Court ordered George Giurbino ("Respondent") to show cause why the writ should not be granted (docket no. 2). On August 4, 2003, Respondent filed an answer to the petition (docket no. 4). Petitioner filed a traverse on December 9, 2003 (docket no. 10). The Court now DENIES the petition for a writ of habeas corpus.

## BACKGROUND

    On April 22, 1987, Petitioner pled guilty to petty theft with a prior theft conviction ("the April 1987 prior"). (Respondent's Exhibit ("Resp. Exh.") 1 at 148.) At that time, he was represented by Attorney E. Davola. (*Id.*) On October 29, 1987, Petitioner was convicted of robbery ("the October 1987 prior"). (*Id.* at 216.) On June 18, 1999, Petitioner was convicted by a San Mateo County jury of two counts of commercial burglary, theft, spousal battery, assault with a deadly weapon, uttering a terrorist threat, simple assault, attempted robbery, robbery,

1  operating a motor vehicle without the owner's consent, and resisting arrest. (*Id.* at 122-26.) On
2  June 18, 1999, a court trial began on Petitioner's prior convictions. (*Id.* at 125.) The
3  prosecution alleged that the April 1987 prior and the October 1987 prior were serious felonies
4  and therefore strikes under the California three strikes law. (*Id.* at 502-12.) Petitioner
5  challenged the inclusion of the April 1987 prior as a strike, denying that it was a serious felony
6  because he had not been convicted of using a deadly or dangerous weapon during the offense as
7  the prosecution alleged. (*Id.* at 564-77.) The prosecution sought to prove that the prior
8  conviction was a serious felony by submitting the following documents: (1) the February 1987
9  preliminary hearing transcript; (2) a certified copy of the April 22, 1987 handwritten court
10 minutes; (3) a certified copy of the June 15, 1987 probation report summary of the facts of the
11 1987 conviction; (4) a certified copy of the March 29, 1988 abstract of judgment from Santa
12 Clara Superior Court; and (5) a certified copy of the June 17, 1991 abstract of judgment from
13 Santa Clara Superior Court. (*Id.* at 145-47, 149-54, 159-212.)

14     The court granted Petitioner's request for a continuance of the trial on the April 1987
15 prior after Petitioner asserted that the weapon-use allegation was dismissed rather than stayed,
16 and Petitioner requested an opportunity to obtain a reporter's transcript of the proceedings
17 relating to the prior. (*Id.* at 476-79.) The prosecution then presented evidence establishing that
18 the reporter's transcript and court reporter's notes from the April 22, 1987 guilty plea hearing
19 and the court reporter's notes from the March 29, 1988 sentencing hearing had been destroyed
20 following normal government records practices. (*Id.* at 482-84.) In addition, the prosecution
21 presented evidence that the court reporter's notes from the June 17, 1991 sentencing hearing
22 were lost by a courier. (*Id.*)

23     Petitioner testified and submitted a declaration regarding the April 1987 prior. (*Id.* at
24 587-89, 651-52.) He admitted stealing money from the department store and having a knife, but
25 denied displaying the blade to the security guard or admitting the weapon-use allegation. (*Id.*)
26 He stated that he was offered a deal to plead guilty to a violation of California Penal Code
27 section 666 (petty theft) without any weapon enhancement, at no time agreed to a knife-use
28 allegation, and understood that the crime to which he would plead guilty would not be

considered a serious felony for any purpose. (*Id.*) He pled guilty to the section 666 violation because his lawyer told him it was not a serious felony which would subject him to enhanced punishment in the future. (*Id.*) He stated that if he did admit the weapon-use allegation, it was without his understanding and advisement of his constitutional rights. (*Id.*)

The court denied Petitioner's motion to strike the April 1987 prior after finding his version of the events incredible. (*Id.* at 686-89; Resp. Exh. 5 at 4.) The court concluded Petitioner had admitted the weapon-use allegation and was properly advised of his constitutional rights at the time he pled guilty thereto. (Resp. Exh. 5 at 4.) Thereafter, the court denied Petitioner's motion to withdraw his waiver of jury trial on the priors after finding he made a knowing and intelligent tactical decision to waive jury trial. (Resp. Exh. 1 at 653.) Subsequently, the court found true the allegations that Petitioner had been convicted of two prior serious felonies. (*Id.* at 686-89.) The California Court of Appeal affirmed the trial court's judgment. *People v. Matesky*, A092436 (Jan. 11, 2002) (Resp. Exh. 5). The California Supreme Court denied review. *People v. Matesky*, S104456 (April 10, 2002) (Resp. Exh. 7).

**STANDARD OF REVIEW**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition in this case was filed after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), so the provisions of that Act apply. *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997); *Gratzer v. Mahoney*, 397 F.3d 686, 689 (9th Cir. 2005).

Under the AEDPA, a district court may grant a petition challenging a state conviction or sentence on the basis of a claim that was "adjudicated on the merits" in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In determining whether the state court's decision is contrary

to, or involved an unreasonable application of, clearly established federal law, a federal court looks to the decision of the highest state court to address the merits of a petitioner's claim in a reasoned decision. *LaJoie v. Thompson*, 217 F.3d 663, 669 n.7 (9th Cir. 2000). It also looks to any lower court decision examined and/or adopted by the highest state court to address the merits. *See Williams v. Rhoades*, 354 F.3d 1101, 1106 (9th Cir. 2004) (because state appellate court examined and adopted some of the trial court's reasoning, the trial court's ruling is also relevant). If the state court only considered state law, the federal court must ask whether state law, as explained by the state court, is "contrary to" clearly established governing federal law. *See Lockhart v. Terhune*, 250 F.3d 1223, 1230 (9th Cir. 2001). A state court's determination is "'contrary to' federal law if the state court (1) 'applies a rule that contradicts the governing law' set forth in Supreme Court case authority or (2) applies controlling law to a set of facts that are 'materially indistinguishable' from a Supreme Court decision but nevertheless reaches a different result." *Ortiz-Sandoval v. Clarke*, 323 F.3d 1165, 1169 (9th Cir. 2003) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)). A state court's decision is an "unreasonable application" of federal law if it is "objectively unreasonable," which requires the state court decision to be more than incorrect or erroneous. *Lockyer*, 538 U.S. at 75.

## DISCUSSION

**I. There Was Sufficient Evidence for a Trier of Fact to Find Beyond a Reasonable Doubt that Petitioner's April 1987 Prior Conviction Was for a Serious Felony.**

Petitioner claims there was insufficient and unreliable evidence to support the finding that his April 1987 prior was a serious felony, as is required to qualify as a strike under California's three strikes law. (Petition for writ of habeas corpus ("Petition") at 6.) The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). A federal court reviewing a claim of insufficient evidence in a habeas petition does not determine whether it is satisfied that the evidence meets the reasonable doubt standard. *Payne v. Borg*, 982 F.2d 335, 338 (9th Cir. 1992). The federal court "determines only whether, 'after viewing the evidence in the light most favorable to the

4

prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *See id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In the context of sentence enhancements, a petitioner can obtain habeas relief if no rational trier of fact could find the elements of the enhancement true beyond a reasonable doubt. *Garcia v. Carey*, 395 F.3d 1099, 1102 (9th Cir. 2005) (applying *Jackson* standard to state sentence enhancements).

The court must review the entire record when the sufficiency of the evidence is challenged in habeas proceedings. *Adamson v. Ricketts*, 758 F.2d 441, 448 n.11 (9th Cir. 1985), *vacated on other grounds*, 789 F.2d 722 (9th Cir. 1986) (en banc), *rev'd*, 483 U.S. 1 (1987). Circumstantial evidence and inferences drawn from that evidence may be sufficient to sustain a conviction. *Walters v. Maass*, 45 F.3d 1355, 1358 (9th Cir. 1995). Mere suspicion and speculation, however, cannot support logical inferences. *Id.* If confronted by a record that supports conflicting inferences, a federal habeas court "must presume – even if it does not affirmatively appear on the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. Except in the most exceptional of circumstances, *Jackson* does not permit a federal habeas court to revisit credibility determinations. *See id.*

The Ninth Circuit has recently clarified that "[a]fter AEDPA, we apply the standards of *Jackson* with an additional layer of deference." *Juan H. v. Allen III*, 408 F.3d 1262, 1274 (9th Cir. 2005). Therefore, our task is to determine whether the decision by the California Court of Appeal denying Petitioner's claim of insufficient evidence (1) "'applies a rule that contradicts the governing law set forth' in Supreme Court cases," or (2) "'confronts a set of facts that are materially indistinguishable from' a Supreme Court decision but 'nevertheless arrives at a result different from' that precedent," or (3) "'identifies the correct governing legal principle' from a Supreme Court decision 'but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 1270 (citations omitted).

///

///

5

In this case, the California Court of Appeal identified the relevant standards of review as those set out in *Jackson* and applied California cases with standards entirely consistent with controlling federal law:

> In determining whether there is substantial evidence to establish that the April 1987 prior qualified as a serious felony, we review the record in the light most favorable to the judgment, and presume in support of the judgment every fact the trier could reasonably deduce from the evidence. Substantial evidence in a criminal case is "evidence which is reasonable, credible, and of solid value -- such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt."

(Exh. 5 at 5 (citing *People v. Henley*, 72 Cal. App. 4th 555, 561 (1999)).) Therefore, the standards applied by the appellate court were not contrary to Supreme Court precedent. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

Next, the Court asks whether the decision of the California Court of Appeal "reflected an 'unreasonable application of' *Jackson* and *Winship* to the facts of this case." *Juan H.*, 408 F.3d at 1275 (citations omitted). An unreasonable application means that the appellate court's application was "objectively unreasonable." *Id.* at 1275 n.13 (citing *Williams*, 529 U.S. at 409). The federal habeas court determines sufficiency of the evidence in reference to the substantive elements of the criminal offense as defined by state law. *Jackson*, 443 U.S. at 324 n.16; *Chein v. Shumsky*, 373 F.3d 978, 983 (9th Cir. 2004). California's three strikes law prescribes increased terms of imprisonment for defendants who have previously been convicted of certain "violent" or "serious" felonies. Cal. Penal Code § 667(d). The term "serious felony" includes any felony in which the defendant personally used a dangerous or deadly weapon. *Id.* § 1192.7(c)(23). Under this law, a third strike defendant (with two or more prior felony convictions) receives an indeterminate term of life imprisonment, which includes a minimum term. *Id.* § 667(e)(2). The minimum term for a third strike defendant is the greatest of (1) "[t]hree times the term otherwise provided as punishment for each current felony conviction," (2) twenty-five years, or (3) the term determined by the court, including enhancements. *Id.* To determine whether a prior conviction qualifies as a strike for purposes of California's three strikes law, the trial court is free to look to the documents and transcripts underlying the prior conviction, including the preliminary hearing transcript, certified copies of prison records,

6

1  certified copies of court orders or abstracts of judgment and charging documents, and a plea
2  reflected in a minute order. *See* Cal. Penal Code § 969b; *People v Reed*, 13 Cal. 4th 217, 223
3  (1996); *People v. Guerrero*, 44 Cal. 3d 343, 355 (1988)*;Henley*, 72 Cal. App. 4th at 560.

4       Here, at trial, the prosecution supplied the following evidence in support of its
5  contention that the April 1987 prior qualified as a serious felony:

6       (1) The February 1987 preliminary hearing transcript, in which a department store
7  security guard testified that when he confronted Petitioner and said they needed to discuss
8  Petitioner's transaction, Petitioner drew a knife and said, "I'm going to stick you, man." The
9  security guard also identified the knife Petitioner pointed at him.

10       (2) A certified copy of the April 22, 1987 handwritten court minutes which state that
11  Petitioner was charged with "PC 666 w/12022(b) enh." and pled guilty to "Ct. 2 - PC 666
12  w/knife alleg. 12022(b) admitted."

13       (3) A certified copy of the June 15, 1987 probation report summary of the facts of the
14  April 1987 prior.

15       (4) A certified copy of the March 29, 1988 abstract of judgment from Santa Clara
16  Superior Court which revealed that, in October 1987, Petitioner had pled guilty to robbery. The
17  abstract further revealed that on April 22, 1987, Petitioner had pled guilty to "petty theft with
18  specified prior" and that the attached weapon use enhancement under section 12022(b) was
19  stayed. The abstract reflects a sentence of five years, eight months on both priors, with
20  execution suspended due to Petitioner's commitment to the California Rehabilitation Center
21  ("CRC").

22       (5) A certified copy of the June 17, 1991 abstract of judgment from Santa Clara Superior
23  Court, which indicates that on April 22, 1987, Petitioner pled guilty to "petty theft w/spec." and
24  that the attached section 12022(b) enhancement was stayed. The abstract reflects a five year,
25  eight month sentence imposed due to Petitioner's exclusion from CRC and setting aside of the
26  CRC commitment. (Resp. Exh. 1 at 145-47, 149-54, 159-212; Resp. Exh. 5 at 2-3.)

27       The trial court declined to consider the preliminary hearing testimony and instead based
28  its finding on the court records indicating the Petitioner admitted the weapon use allegation.

(Resp. Exh. 3 at 11-12 n.15.) The court also considered and found incredible Petitioner's testimony and declaration in which Petitioner stated that he never admitted the weapon use allegation. (Resp. Exh. 5 at 4.) Subsequently, the court found the April 1987 prior and serious felony allegation true. (*Id.*; Resp. Exh. 1 at 686-89.)

In his direct appeal to the California Court of Appeal, Petitioner argued that the evidence was insufficient to prove beyond a reasonable doubt that his April 1987 prior was a serious felony. (Resp. Exh. 3 at 10-21.) In affirming the trial court's conclusion that it was, the court of appeal rejected Petitioner's insufficiency of the evidence arguments. Petitioner argued, for example, that because the "reliable" portions of the record, namely, the transcripts of the 1987 plea hearing and the two subsequent sentencing hearings, were lost or destroyed, the evidence establishing the strike is insufficient. (*Id.* at 15-17.) The court of appeal rejected this argument, stating that the trier of fact may look to the entire record of conviction in determining whether a prior conviction qualifies as a serious felony. (Resp. Exh. 5 at 6.)

Petitioner also argued that he never was charged with a weapon-use allegation in the petty theft complaint. (Resp. Exh. 3 at 12-13.) The January 1987 complaint alleged three counts: (1) second degree burglary; (2) petty theft with a prior; and (3) assault with a deadly weapon. (Resp. Exh. 5 at 5-6.) At the conclusion of the February 1987 preliminary hearing, the court granted the prosecutor's motion to amend the complaint, adding armed robbery and possession of a dirk or dagger. (*Id.* at 6.) Petitioner was held to answer on count 1 (burglary), count 2 (petty theft with a prior), count 3 (assault with a deadly weapon), count 4 (armed robbery), and count 5 (possession of a dirk or dagger). (*Id.*) The court of appeal rejected Petitioner's pleading deficiency argument, holding that the failure to charge an offense or an enhancement is hardly determinative of whether a defendant admitted the allegation when he subsequently entered into a negotiated disposition. (*Id.*)

Finally, Petitioner argued that the clerk's minutes and the two abstracts of judgments were inadmissible under the official records exception to the hearsay rule. (Resp. Exh. 3 at 22-23.) He further argued that these documents were unreliable in that

> (1) the abstracts of judgment indicate that the court stayed the term for the weapon use enhancement when sentencing him on the April 1987 prior, and such a stay would have been improper; (2) the CRC referral he received in March 1998 would have been statutorily prohibited had he admitted the weapon-use allegation; (3) a January 1992 information twice mentioned the April 1987 prior but did not mention the weapon-use allegation; and (4) charging a felony petty theft (666) with a weapon use enhancement is "obviously unusual."

(Resp. Exh. 5 at 7.) The court of appeal concluded that the trial court properly admitted the clerk's minutes and the two abstracts of judgment under the official records exception to the hearsay rule. (*Id.*) In addition, the court rejected Petitioner's arguments that these documents were unreliable:

> Even assuming the term for the section 12022(b) enhancement was erroneously stayed and the CRC referral was statutorily prohibited, the court in its discretion could reject [Petitioner's] arguments that the subject documents were unreliable . . . . In addition, the trial court could properly determine that the absence of the section 12022(b) allegation in the January 1992 information had no effect on the reliability of the subject clerk's minutes and abstracts of judgment. Finally, we note that, however unusual it may be to charge a felony petty theft with a weapon use enhancement, [Petitioner] concedes there is no statutory prohibition against such a charge. Thus, the court could reasonably determine that the subject documents were reliable despite the fact that [Petitioner] was so charged, or could have been charged differently, i.e., with armed robbery.

(*Id.* at 8.)

Considering only the court records relied on by the trial court, the California Court of Appeal rejected Petitioner's "contention that the evidence relied on to establish that he used a knife in committing the April 1987 prior . . . did not constitute substantial evidence." (*Id.*) This Court therefore must determine whether, in accord with *Jackson*, *any* rational trier of fact *could* find the elements of the enhancement true beyond a reasonable doubt by considering only (1) the certified copy of the April 22, 1987 handwritten court minutes; (2) the certified copy of the March 29, 1988 abstract of judgment from Santa Clara Superior Court; and (3) the certified copy of the June 17, 1991 abstract of judgment from Santa Clara Superior Court. When viewed in the light most favorable to the prosecution, the court records submitted by the prosecution were sufficient to allow a rational trier of fact to find beyond a reasonable doubt that Petitioner admitted to the weapon use allegation and therefore, that his April 1987 prior was a serious felony. The California Court of Appeal's finding to this effect was not an objectively

9

unreasonable application of the *Jackson* standard.  Accordingly, Petitioner is not entitled to habeas relief on this claim.

**II.     Petitioner May Not Collaterally Attack the April 1987 Prior through a § 2254 Petition.**

Petitioner next claims that his guilty plea to the April 1987 prior for petty theft was unknowingly and involuntarily obtained in violation of his due process rights.  (Petition at 6.)  At trial, Petitioner moved to strike the April 1987 prior as constitutionally invalid, arguing that "he was not advised of his rights and never plead nor meant to plead" to the weapon use allegation.  (Resp. Exh. 1 at 1-7.)  After an evidentiary hearing, the trial court denied the motion to strike the April 1987 prior as unconstitutional, finding Petitioner's version of the events incredible and noting that the court records established that Petitioner had admitted the weapon-use allegation.  (Resp. Exh. 5 at 11.)  The court of appeal concluded that substantial evidence supported the trial "court's determination that [Petitioner] failed to carry his burden of proving the constitutional invalidity of the April 1987 prior."  (*Id.*)

A petitioner generally may not attack the constitutionality of a prior conviction used to enhance a later sentence.  *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-4 (2001).  "[O]nce a state conviction is no longer open to direct or collateral attack on its own right because the defendant failed to pursue those remedies while they were available . . . the conviction may be regarded as conclusively valid."  *Id.* at 403.  "If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under 2254 on the ground that the prior conviction was unconstitutionally obtained."  *Id.* at 403-4.  An exception to this rule exists where there was a failure to appoint counsel in violation of the Sixth Amendment.  *Id.*  A plurality in the Supreme Court recognized an additional exception when, through no fault of petitioner's, the constitutional claim was not reviewed, e.g., the state court refused to rule on a properly presented constitutional claim or there is newly discovered evidence of actual innocence.  *See id.* at 405-6.  The record reflects that Petitioner was represented by counsel in connection with his prior guilty plea.  (Resp. Exh. 5 at 11.)  In addition, Petitioner raised this challenge to his

1 prior conviction in state court. (*Id.* at 8-11.) Therefore, neither exception to the general rule
2 applies and Petitioner is precluded from collaterally attacking the 1987 conviction through a
3 § 2254 petition.

### III. The Court of Appeal's Conclusion that the Destruction of the Reporter's Notes Did Not Violate Petitioner's Right to Due Process Was Not Contrary to or an Unreasonable Application of Clearly Established Federal Law.

6 Finally, Petitioner claims he was deprived of due process because the transcript notes
7 from the hearings related to the April 1987 prior were destroyed and/or lost. (Petition at 6.)
8 Petitioner also raised this claim before the court of appeal, citing to *California v. Trombetta,*
9 467 U.S. 479 (1984) and *People v. Moore*, 201 Cal. App. 3d 51 (1988), for the proposition that
10 "where evidence is unavailable but essential to a defendant's case, the defendant must show it is
11 impossible to secure an adequate substitute for the missing evidence before claiming a due
12 process violation." (Resp. Exh. 5 at 14.) In addition, as the court of appeal noted, the missing
13 evidence must "possess an exculpatory value that was apparent before the evidence was
14 destroyed." (*Id.* (citing *Trombetta*, 467 U.S. at 489).) Petitioner argued that because the
15 "documents the prosecution relied on to prove the prior raised questions on their faces, the
16 material nature and the exculpatory value of the reporter's transcripts at issue should have been
17 readily apparent to the state before destruction of the notes."

18 The court of appeal rejected this argument, stating that even if "the submitted documents
19 did raise obvious questions, it is not at all apparent that the transcripts would have answered
20 them in a manner favorable to defendant." (*Id.*) The court of appeal held that Petitioner's claim
21 failed because he could not show that the transcripts were exculpatory or that their exculpatory
22 value was apparent prior to destruction. (*Id.* at 15.) Furthermore, the court of appeal noted that
23 Petitioner "conceded that the missing transcript was lawfully destroyed" and that he cited "no
24 authority for the proposition that the prosecution had a duty to preserve the entire record of
25 conviction." (*Id.*) In addition, the court noted that "substantial evidence supported the trial
26 court's determination that [Petitioner] admitted the weapon use allegation" and that the April
27 1987 prior constituted a serious felony. (*Id.*) The court of appeal concluded that no due process
28 violation was demonstrated. (*Id.*)

11

A state's failure to provide a full record of a trial may violate a defendant's due process rights and form the basis for federal habeas corpus relief. *See Madera v. Risley*, 885 F.2d 646, 648 (9th Cir. 1989). However, a habeas petitioner also must establish prejudice from the lack of recordation to be entitled to habeas corpus relief. *See id.* at 649. In addition, states only have a duty to preserve evidence that might be expected to play a significant role in the suspect's defense. *Trombetta*, 467 U.S. at 488. A state violates due process by destroying material evidence that possesses "exculpatory value that was apparent before the evidence was destroyed" and is "of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id.*

Here, given the Court's conclusion that there was sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that Petitioner suffered a serious felony conviction in 1987, Petitioner cannot establish prejudice from the lack of recordation. *See Madera*, 885 F.2d at 648. In addition, because the destroyed transcripts recorded Petitioner's guilty plea to the petty theft with a prior charge, the state had no reason to expect that the transcripts might play a significant role in his defense to those charges. *See Trombetta*, 467 U.S. at 488. Moreover, even if the transcripts were exculpatory, the state had no reason to suspect in 1987 that the transcript might play a role in Petitioner's defense to unrelated criminal charges thirteen years later, under a three strikes law which was not passed until 1994. Therefore, the court of appeal's conclusion that the destruction of the reporter's notes did not violate Petitioner's right to due process was not contrary to or an unreasonable application of clearly established federal law.

///
///
///
///
///
///
///

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is denied. The clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED.**

Dated: March 17, 2006

*Jeffrey S. White*
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE