1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J. MATESKY,        )   No. C 03-1006 JSW (PR)
                             )
        Petitioner,     )   **ORDER DENYING MOTION FOR**
                             )   **LATE APPEAL**
  vs.                    )
                             )   **(Docket nos. 14, 15)**
GEORGE GIURBINO, Warden,  )
                             )
        Respondent.    )
_____ )

Petitioner filed a pro se petition for a writ of habeas corpus challenging the constitutionality of his state conviction under 28 U.S.C. § 2254. Following briefing by the parties, this Court denied Petitioner's application for a writ of habeas corpus on the merits in an order dated March 17, 2006 (docket no. 11). Three months later, on June 16, 2006, Petitioner requested a copy of Ninth Circuit rules, which this Court forwarded to the Ninth Circuit (docket no. 13). On August 18, 2006, Petitioner filed a request for the Attorney General's office to provide certain documents to him (docket no. 14).

On September 22, 2006, Petitioner an "application for relief from default request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) (docket no. 15). In that application, Petitioner apparently seeks leave to file a late appeal and specifies that on May 25, 2006, more than two months after the judgment in this matter, he was moved to a different prison and during the course of the transfer, some of Petitioner's property, including certain legal papers, were lost (docket no. 15 at 2).

The request to file a late appeal must be denied because it is untimely. Relief from the deadline for a timely notice of appeal may be obtained by a motion in the

district court under Rule 4(a) of the Federal Rules of Appellate Procedure.  Rule 4(a)(5) concerns motions for extension of time and Rule 4(a)(6) concerns motions to reopen time to file an appeal.  Petitioner's request was filed too late to obtain relief under either Rule 4(a)(5) or Rule 4(a)(6).  Rule 4(a) provides the exclusive avenue for relief from the expiration of the period to file a timely notice of appeal.  *See In re Stein*, 197 F.3d 421, 426-27 (9th Cir. 2000).  And Rule 4(a) is enforced without distinction between litigants represented by counsel and those appearing *pro se.  See Clarke v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000).  Moreover, according to Petitioner, his documents were lost after the time to file an appeal had already expired.  For the foregoing reasons, Petitioner's motions are DENIED (docket nos. 14, 15).

IT IS SO ORDERED.

DATED:  _2/5/2007_____

JEFFREY S. WHITE
United States District Judge

2